UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ARIEON BURNETT

VERSUS

UNITED STATES OF AMERICA

CIVIL ACTION

NO. 20-1751 c/w 21-342
PERTAINS TO 21-342

SECTION M (5)

**ORDER AND REASONS**

Before the Court is the government's motion to dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of subject-matter jurisdiction, or alternatively, under Rule 12(b)(6) for failure to state a claim upon which relief can be granted.[1] The motion was set for submission on June 17, 2021.[2] Local Rule 7.5 of the United States District Court for the Eastern District of Louisiana requires that a memorandum in opposition to a motion be filed no later than eight days before the noticed submission date, which in this case was June 9, 2021. Plaintiff Asa Bryant, who is represented by counsel, has not filed an opposition.

Accordingly, because the motion to dismiss is unopposed, and it appearing to the Court that the motion has merit,[3]

---

[1] R. Doc. 19.
[2] R. Doc 19-3.
[3] This case arises from a car accident involving Bryant and a United States Postal worker. Bryant filed suit against the United States Postal Service ("USPS") for her alleged injuries. Civil Action No. 21-342, R. Doc. 1 at 1-4. The claim was brought under the Federal Torts Claims Act ("FTCA"), a partial waiver of sovereign immunity, which makes the government liable to the same extent as private entities for various tort claims against its employees within the scope of their employment. *United States v. Orleans*, 425 U.S. 807, 813 (1976). Such waivers must be strictly construed. *Wilkerson v. United States*, 67 F.3d 112, 118 (5th Cir. 1995). The FTCA vests the district courts with "exclusive jurisdiction of civil actions of claims *against the United States*, for money damages… for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government[.]" 28 U.S.C. § 1346(b)(1) (emphasis added). The Act is the exclusive remedy for tort claims against government employees. 28 U.S.C. § 2679(a). Consequently, "an FTCA claim against a federal agency or employee as opposed to the United States itself must be dismissed for want of jurisdiction." *Galvin v. Occupational Safety & Health Admin.*, 860 F.2d 181, 183 (5th Cir. 1988). Because plaintiff named the USPS as the sole defendant, this Court lacks jurisdiction and the case must be dismissed.

IT IS ORDERED that the government's motion to dismiss (R. Doc. 19) is GRANTED.

IT IS FURTHER ORDERED that plaintiff Asa Bryant's claims against defendants, the United States of America and the United States Postal Service, are dismissed without prejudice.

New Orleans, Louisiana, this 16th day of June, 2021.

                                                                        BARRY W. ASHE
                                                                         UNITED STATES DISTRICT JUDGE

---

      In the alternative, even if Bryant had sought and was granted leave to amend her complaint to add the proper defendant, the time for bringing the claim has passed.  Before filing suit, Bryant filed a claim with the USPS via Standard Form 95 seeking personal injury damages, which she later amended to increase her demand. R. Doc. 19-2 at 1.  Pursuant to the FTCA, claimants may file suit no later than six months after the agency mails the final notification denying the claim.  28 U.S.C. § 2401(b).  The USPS denied her amended claim on April 20, 2020.  R. Doc. 19-2 at 3.  Bryant filed this complaint against the USPS on February 18, 2021.  Civil Action No. 21-342, R. Doc. 1 at 1.  Thus, Bryant failed to file suit within the prescribed time frame and is "forever barred" from raising this claim against the United States.  28 U.S.C. § 2401(b).